## WESTPHAL *v.* CARTER.

*(City Court of New York, General Term.* December 7, 1892.)

EXECUTOR—PERSONAL LIABILITY—GUARANTY OF MORTGAGE.

Though an executrix, in assigning a mortgage belonging to the estate, executes the assignment only in her official capacity, she is bound individually by a statement in the assignment that she holds herself "personally responsible for the payment of said mortgage."

Appeal from trial term.

Action by Amelia Westphal against Matilda Carter. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The defendant is the sole executrix of Delia Bathgate, deceased, and, as such, she executed an assignment to the plaintiff of a mortgage held and

owned by the said Delia Bathgate, during her lifetime, made by one Ann McKiernan to the said Delia Bathgate. The assignment bears date and was executed on the 16th day of July, 1890. In the assignment the said defendant (who was formerly Matilda Bathgate) describes herself as "Matilda Bathgate, as sole executrix of Mrs. Delia Bathgate, deceased," and was executed by her as said "Matilda Bathgate, sole executrix of Mrs. Delia Bathgate, deceased." The consideration of said assignment was the sum of $1,000, being the amount paid by the plaintiff for the assignment of said mortgage. In said assignment the following words are contained: "And I hold myself personally responsible for the payment of the said mortgage, or any deficiency thereunder, or arising upon the foreclosure thereof, in view of the said mortgage being now past due, and no interest being paid upon the last six months up to date." The complaint alleges that, in an action thereafter brought in the supreme court by plaintiff herein, said mortgage was foreclosed, and that upon the foreclosure there was a deficiency of $1,411.86; that judgment was duly given to plaintiff therefor; and that plaintiff was duly permitted by said supreme court to bring this action. This allegation, however, was denied by the defendant in her answer. No oral evidence was offered on the part of plaintiff, who offered in evidence: (1) A certified copy of an order permitting plaintiff to bring this action; (2) the decree of foreclosure in Westphal against McKiernan; (3) the referee's report on above foreclosure, and order confirming his report of sale; (4) the assignment of the mortgage by the defendant. The admission of the above was objected to by the defendant's counsel, and exceptions taken to their admission by defendant's attorney. After admission of above evidence, the plaintiff rested his case. Thereupon defendant's attorney made a motion to dismiss, as follows: "I move to dismiss on the ground that there is no evidence that she bound herself individually;" which motion was granted by the trial justice, to which ruling the plaintiff excepted.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

*Michael Fennelly,* for appellant. *Howe & Hummell,* for respondent.

McGOWN, J. Inasmuch as the action was dismissed by the trial justice, we must assume that it was dismissed on the only ground stated by defendant's attorney on his motion, viz., "that there is no evidence that she [defendant] bound herself individually;" and it is therefore unnecessary to consider any of the exceptions in the case, other than that taken by plaintiff to the ruling of the trial justice, in granting the motion to dismiss. The defendant in the assignment of the mortgage expressly stated that she held herself personally responsible for the payment of any deficiency; and it was clearly her intention to become personally responsible, although she executed the paper in a representative capacity. She could not, as executrix, bind or make the estate she represented responsible for any deficiency; and it was not necessary that she should go through the mere form of executing the paper in her individual name, after she had executed the same in her name as executrix, in order to make herself personally responsible. Her intention was undoubtedly, as therein expressed, to make herself personally responsible for any deficiency; and she could not bind the assets she represented by any act of hers, done in her representative capacity. The rule must be regarded as well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, between the promisee and the executor as promisor, are the personal contracts of the executors, and do not bind the estate; notwithstanding the consideration moving from the promisee is such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of the estate. The addition of an official character to the signature of executors and administrators, in

executing written contracts and obligations, has no significance, and operates merely to identify the person, and not to limit or qualify the liability. *Schmittler* v. *Simon*, 101 N. Y. 554, 5 N. E. Rep. 452. The rule is laid down in 1 Pars. Bills & N. p. 161, that "an administrator or executor can only bind himself by his contracts; he cannot bind the assets of the deceased." The exception to the ruling of the trial justice in dismissing the complaint was well taken. And the judgment appealed from must be reversed, with costs to the appellant to abide the event of the action. All concur.